The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS ELMER REEP AND | ) | CASE NO. 09-63908 |
| DENISE LYNNE REEP, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

      In an interesting twist on a preference action, Debtors seek to recover a payment the chapter 7 trustee, Anthony J. DeGirolamo (hereafter "Trustee") received from a creditor. The creditor, Nelnet, turned the money over at Trustee's request without litigation. Debtors argue that the transfer was not a preferential transfer, relying on the earmarking doctrine. Trustee contends the earmarking does not protect the transfer at issue, so the payment is properly included as part of Debtors' bankruptcy estate. A hearing was held on May 24, 2010. The parties filed a stipulation of facts on June 7, 2010.

      The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

      This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

With the filing of the joint stipulation of fact, there are no material undisputed facts. On August 11, 2009, prepetition, Debtor Denise Lynne Reep's mother, Barbara L. Watts, withdrew $7,000.00 from her savings account with First Federal of Ohio (hereafter "First Federal") and deposited the money in Debtors' checking account at First Federal. The transfer was accomplished in the span of approximately one minute. Per the agreement between Mrs. Watts and her daughter, the money was designated to pay a Nelnet student loan owed by Mrs. Reep and was a loan to be repaid to Mrs. Watts by Debtor.[1]

Once deposited in to Debtors' checking account, Debtors had full access to the funds and complete control of the funds. Although Mrs. Reep attempted to pay Nelnet on the same day the transfer was made by her mother, online issues prevented her paying Nelnet until August 13, 2009, as evidenced by a confirmation communication from Nelnet. Nelnet received $7,073.93 in full satisfaction of its debt on August 14, 2009. Debtors filed a joint chapter petition on September 23, 2009.

## LAW AND ANALYSIS

The Bankruptcy Code outlines the requirements of a preference in 11 U.S.C. § 547(b), which permits a trustee to "avoid any transfer of an interest of the debtor in property--

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made--

        (A)    on or within 90 days before the date of the filing of the petition; or

        (B)    between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

    (5)    that enables such creditor to receive more than such creditor would receive if--

---

[1] Mrs. Watts is not listed as a creditor in the schedules.

(A) the case where a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties do not dispute that the transfer at issue satisfied 11 U.S.C. § 547(b)(1) - (5). The transfer was for the benefit of a creditor, Nelnet, on account of an antecedent debtor owed prior to the date of the transfer. Under 11 U.S.C. § 547(f), for the purposes of the preferential transfer provision, a debtor is presumed to be insolvent in the ninety (90) day period before the petition is filed. The transfer was made in the ninety day period before the Debtors filed for bankruptcy relief and the payment resulted in Nelnet receiving more than it would have received in a chapter 7 case in the absence of the transfer. Thus, the issue is whether the payment to Nelnet was the "transfer of an interest of the debtor in property."

Debtors deny it was a transfer of an interest in their property, relying on the earmarking doctrine. Earmarking is an equitable doctrine created to except transfers borrowed from but directed by a third party to a creditor, for the benefit of the debtor, to be excluded as transfers of interests in a debtor's property. *See* Yoppolo v. MBNA America Bank, N.A. (In re Dilworth), 560 F.3d 562 (6th Cir. 2009) (citing McElmore v. Third Nat'l Bank in Nashville (In re Montgomery), 983 F.2d 1389, 1394 (6th Cir. 1993); Mandross v. Peoples Banking Co. (In re Hartley), 825 F.2d 1067 (6th Cir. 1987)). The premise of the earmarking doctrine as a preference defense is that the designation of the property of a third party to a particular creditor, even if it flows through the debtor, is not property of the debtor/estate.

Dilworth denied application of the earmarking doctrine. In Dilworth, the debtor used a credit card check from a CitiPlatinum Select Card (hereafter "Citi") to pay a balance on her MBNA credit card. The Sixth Circuit found that it was the Debtor who controlled the payment of the MBNA card, not Citi. Dilworth at 565. Trustee makes a similar argument on the present facts: when the funds were placed into Debtors' account, Debtors had full control and authority to pay any creditor. Debtors could have chosen to pay another creditor or no creditor at all. According to Trustee, this possessory interest defeats application of the earmarking doctrine.

This approach ignores the distinguishing fact between this case and Dilworth: the property transferred not only was that of a third-party, it was also directed by the third-party, Debtor's mother. It is undisputed Debtor's mother provided the funds specifically to pay Debtor's obligation to Nelnet. In other words, a contingency in use of the funds existed. This is squarely within the Sixth Circuit's pronouncement on application of the earmarking doctrine: "where the borrowed funds have been specifically earmarked by the lender for payment to a designated creditor, there is held to be no transfer of property of the debtor even if the funds pass through the debtor's hands getting to the selected creditor." Montgomery, 983 F.2d at 1394 (citing Hartley, 825 F.2d at 1070) (other citations omitted); *cf.* Meoli v. MBNA America Bank, N.A. (In re Wells), 382 B.R. 355

(B.A.P. 6th 2008). This distinguishing fact is key. On these facts, Debtor's mother directed how the proceeds of her loan to her daughter were to be paid. Debtor did, in fact, pay the proceeds in accordance with the agreement. There was no diminution in the value of Debtors' estate. Consequently, the earmarking doctrine renders the transfer to Nelnet to not be a transfer of an interest of the debtor.

In his response to the motion to return the avoided preference, Trustee challenged Debtors' standing to recover the preference payment. This argument was not explored in further briefing by Trustee. To the extent the argument was not abandoned, the court rejects it. As noted by the Sixth Circuit, relying on the United States Supreme Court, standing hinges on three elements:

> First, the plaintiff must have suffered an "injury in fact." *Id.* The injury must be "concrete and particularized" and it must be "actual or imminent, not conjectural or hypothetical." *Id.* (citations omitted). Second, the injury suffered must be "fairly traceable," or causally connected, to the challenged conduct. *Id.* (citation omitted). Third, it must be likely, and not merely speculative, that the injury will be "redressed by a favorable decision." *Id.* at 561, 112 S.Ct. 2130.

Cohn v. Brown, 161 F.ed.Appx. 450 (6th Cir. 2005) (unreported) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 2130 (1992)). The elements are clearly met. First, Debtors were injured when the money was recovered by the Trustee, resulting in revival of a previously satisfied debt. Further, student loans are generally nondischargeable debts under 11 U.S.C. § 523(a)(8), so a discharge will not extinguish the revived debt. Second, the injury was directly caused by Trustee's recovery of the alleged preferential payment. Finally, a decision concluding that the transfer was not a preference will result in the return of funds to the creditor. The debt will be satisfied and the injury cured.

## CONCLUSION

Debtors have standing to contest Trustee's recovery of an alleged preferential payment from Nelnet, a student loan creditor. The funds used to pay the debt were borrowed from Debtor's mother, who directed the funds be used to pay Nelnet. The funds were paid to Nelnet and the Debtors' estate was not thereby decreased. As earmarked funds, the transfer was not a transfer of an interest in property of Debtors and therefore does not constitute a preference. Trustee's recovery of the transfer was therefore in error and should be refunded.

An appropriate order will be issued immediately.

**Service List**:

C. Richard Thompson
371 Lexington Avenue
Mansfield, OH 44907

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702